AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court



### for the
### Western District of New York

**United States of America**

**v.**

Case No. 24-mj-5048

**JEREMY HINMAN**

_____
*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### <u>COUNT 1</u>
### (Illegal Transfer of a Machinegun)

On or about April 27, 2023, in the Western District of New York, the defendant **JEREMY HINMAN** did knowingly transfer a machinegun, to wit: a machinegun conversion device used to modify a semi-automatic firearm to fire as fully automatic weapon, enabling said firearm to automatically shoot more than one shot without manual reloading, by a single function of the trigger.

**All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).**

This Criminal Complaint is based on these facts:

☒   Continued on the attached sheet.

**TIMOTHY FUDELLA**

Digitally signed by
TIMOTHY FUDELLA
Date: 2024.02.26 12:50:57
-05'00'

_____
*Complainant's signature*

TIMOTHY L. FUDELLA
SPECIAL AGENT
<u>BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES</u>
*Printed name and title*

Oath administered, and contents and signatures
attested to me as true and accurate telephonically pursuant
to Fed. R. Crim. P. 4.1.

Date:  <u>February 26, 2024</u>

_____
*Judge's signature*

City and State:  <u>Buffalo, New York</u>

HONORABLE MICHAEL J. ROEMER
<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK   )
COUNTY OF ERIE      )     SS:
CITY OF BUFFALO     )

I, **TIMOTHY L. FUDELLA**, being duly sworn, deposes and states:

1.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as "ATF"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1), *et seq.* and Title 21, United States Code, Section 801. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2.     I have been an ATF Special Agent since September of 2015.  I am assigned to the Buffalo Field Office, New York Field Division. I am a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia. My primary duties as an ATF Special Agent include investigating violations of federal firearms laws including illegal firearm trafficking, unlawful possession of firearms, and the possession of firearms during the commission of drug trafficking crimes and crimes of violence. Additionally, prior to becoming an ATF Agent, I

was employed by United States Customs and Border Protection as a United States Customs and Border Protection Officer for approximately six years.

3.      During my time as an ATF Special Agent, I have participated in investigations and the execution of search warrants and arrest warrants where illegally purchased/trafficked firearms, narcotics, electronic scales, packaging materials, cutting agents, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized. I have personally conducted and/or assisted in investigations of criminal acts involving violations relating to armed individuals that were involved in the distribution of controlled substances, including heroin, cocaine, cocaine base and other substances, in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 922 and 924. Additionally, I have also participated in interviews and debriefings of individuals involved in firearms and narcotics trafficking. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the illegal trafficking of firearms and illegal drugs.

4.      This affidavit is being submitted for a limited purpose, that is, a probable cause determination, therefore I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this manner.

2

5.      Based upon my training and experience, I am aware of conversion devices that have been designed and created for the sole purpose of converting semi-automatic Glock pistols into fully automatic machineguns.   These devices vary by design and appearance but all, when properly installed on a semi-automatic Glock pistol, will allow the firearm to expel more than one projectile by a single pull of the trigger at approximately 1,200 rounds per minute.   Installation of these conversion devices is fast and simple, requires no technical expertise, and is completed by removing the polymer slide cover plate on a Glock semi-automatic pistol and replacing it with a conversion device.   I also know that these devices are referred to by different names, including but not limited to: "switches," buttons," "auto sears," "convertors," "conversion switches," "selector switches," "conversion devices," and "Fire Selector Systems for Glock" (FSSGs).

6.      I know that ATF considers Glock conversion devices as post-May 19, 1986, machineguns.   Therefore, apart from official military and law enforcement use, Glock conversion devices may only be lawfully possessed by properly licensed Federal Firearms Licensees ("FFLs") who have paid the appropriate Special Occupational Tax ("SOT") required of individuals manufacturing, importing, or dealing in National Firearms Act ("NFA").

7.      This affidavit is submitted in support of a criminal complaint charging Jeremy HINMAN with violations of Title 18, United States Code, Sections 922(o) and 924(a)(2) (illegal transfer of a machinegun).

3

Case 1:24-cr-00072-RJA-MJR    Document 1    Filed 02/26/24    Page 5 of 7

**APRIL 2023 UNDERCOVER PURCHASE OF CONVESRION DEVICE**

8.     During the week of April 27, 2023, an ATF Agent working in an undercover capacity (the "UC") exchanged several text messages with Jeremy HINMAN regarding the purchase of a Glock Switch (Machine Gun Conversion Device). HINMAN ultimately agreed to sell the UC a Glock 43x Handgun and one Glock Switch, for $1,400.

9.     On April 27, 2023 the UC and HINMAN agreed to meet for the transaction. The same day, the UC traveled to 145 Forest Ave, Buffalo New York, which law enforcement understood to be HINMAN's residence, to purchase the firearms from HINMAN. Upon arrival, the UC parked alongside the curb in front of HINMAN's residence.  The UC observed HINMAN exit his home waving his hand in a motion signaling to come into the residence.  The UC signaled back in a similar fashion to HINMAN referencing for him to instead come to the UC vehicle. HINMAN reentered his residence briefly, then exited.  The UC observed HINMAN's hand tucked into his right-hand pocket and appeared to be holding something.

10.     HINMAN entered the UC's vehicle and removed a Glock 43x handgun from his pocket. HINMAN removed the magazine from the firearm and presented it to the UC. The UC took possession of the firearm, manipulated the slide, and observed the rest of the firearm.  The UC opened the passenger side compartment of the vehicle and placed the firearm and magazine inside. HINMAN then presented the conversion device to the UC. HINMAN went on to explain the operability of the conversion device, specifically stating what action would make the device fire in a semiautomatic function, and then what action would make the device fire in a fully automatic function.   The UC presented HINMAN with

4

$1,400.00 of official funds. HINMAN counted the cash, took it, and then stated to the UC that they were "good" and proceeded to exit the vehicle. HINMAN stated that he would inform the UC in a few days if he had anything additional to sell.

## ATF FIREARMS TECHNOLOGY CRIMINAL BRANCH TECHNICAL EXAMINATION

11.    Your affiant submitted the suspected conversion device purchased from HINMAN to the ATF Firearms Technology Criminal Branch for technical examination. Firearms Enforcement Officer ("FEO") Oslyn Gardner observed that the device was a metal back-plate unit that was configured as a drop-in replacement part for the polymer slide cover plate for a Glock pistol.  The device was designed and intended solely and exclusively to convert a semi-automatic Glock-type pistol into a machinegun.  No serial number was observed to be present on the device.

12.    FEO Gardner attempted to install the conversion device on an ATF reference firearm, a Glock model 17, 9x19mm caliber semiautomatic pistol from the National Firearms Collection ("NFC"). During the initial installation attempt, the device was determined to be oversized and would not properly fit the slide of the NFC firearm. FEO Gardner further opined the device only required minor hand fitting which can be easily completed with common hand tools.

13.    FEO Gardner determined that while the device requires adjustment to fit and function properly, it has reached the stage in the manufacturing process where it is recognizable as a Glock-type machinegun conversion device. FEO Gardner further concluded

5

that the device is a "**machinegun**" as defined in 18 U.S.C. § 921(a)(24) because it is a combination of parts designed and intended, for use in converting a weapon into a machinegun; therefore, it is a "**machinegun,**" as defined in 26 U.S.C. § 5845(b). The device being a machinegun, is also a "**firearm**" as defined in 26 U.S.C. § 5845(a)(6). The device bears no NFA manufacturer's marks of identification or serial number, as required by 26 U.S.C. § 5842.

## CONCLUSION

14.    Based on the above information, your affiant submits that probable cause exists to believe that HINMAN violated Title 18, United States Code, Sections 922(o) and 924(a)(2) (illegal transfer of a machinegun), requests that a Criminal Complaint and Arrest Warrant be issued, and that this Complaint and Affidavit to be sealed based on a continuing investigation and further Order of this Court.

TIMOTHY FUDELLA
Digitally signed by TIMOTHY FUDELLA
Date: 2024.02.26 12:51:21 -05'00'

TIMOTHY L. FUDELLA
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me telephonically
this 26th day of February 2024.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge